**In the Matter of DIMENSIONS IN FASHION, INC. t/d/b/a Dimensions In Fashion, Debtor.**

**Bankruptcy No. 85–127.**
**Motion No. 85–1797.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 10, 1986.

James A. Lewis, Pittsburgh, Pa., for debtor.

J. Michael McCague, Lawrence M. Manoff, Pittsburgh, Pa., for Mellon Bank, N.A.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The matter presently before the Court is Mellon Bank's claim to the proceeds from the sale of certain motor vehicles. Mellon Bank claims a security interest in the proceeds of the sale, although the Certificates of Title do not indicate the existence of any liens. Based on the following discussion, the Court finds that Mellon Bank is not entitled to payment from the proceeds of sale as it does not have a perfected security interest.

On January 24, 1984, this Court approved a cash collateral order in the form of a stipulation between Dimensions in Fashion, Inc. (hereinafter "Debtor") and Mellon Bank. This stipulation granted Mellon Bank *inter alia*, a security interest in Debtor's post-petition accounts and the cash and non-cash proceeds thereof. In the stipulation, Debtor also agreed to execute any financing statements or other documents necessary to evidence or perfect this post-petition security interest, although nothing appears in the record to indicate that amendments to the vehicles' Certificates of Title were ever discussed between the parties. However, Mellon Bank contends that it is entitled to the proceeds of sale of the vehicles, and relies on *In Re Barnes Freight Line, Inc. v. Chase Commercial Corporation*, 29 B.R. 664 (Bankr., N.D.Ga., 1983) in support of its argument that it is secured in the proceeds of sale.

In *Barnes Freight Line*, the Court held that the description of collateral in a financing statement was sufficient to create a security interest in an account arising out of the sale of Debtor's equipment. In the case at bar there is no security agreement nor were any financing statements filed with respect to the vehicles.

Furthermore, in *Barnes Freight Line*, the Georgia Bankruptcy Court relied on the Georgia Code, wherein accounts, i.e., rights to payment, are created by the sale of goods. In Georgia the definition of "goods" specifically includes "equipment". *See* 29 B.R. at 668, citing Ga.Code §§ 109A–9–106, 109A–9–109 (Official Code of Georgia §§ 11–9–106, 11–9–109). Accordingly, pursuant to the Official Code of Georgia, the term "account" included equipment under the facts of *Barnes Freight Line. Id.*

The Pennsylvania Uniform Commercial Code defines "accounts", in part, as "[a]ny right to payment for goods sold...." 13 Pa.C.S.A. § 9106. The goods sold in the ordinary course of the Debtor's business is manufactured clothing, and in the case at bar, neither the Debtor nor Mellon Bank is involved in the sale of motor vehicles. The sale of the vehicles in this case was that of something other than the Debtor's inventory of goods. Therefore, the sale of the vehicles in question could not create, under the Pennsylvania Uniform Commercial Code, an "account". Accordingly, Mellon Bank's reliance on *Barnes Freight Line* is misplaced.

Moreover, the Pennsylvania Vehicle Code provides for perfection of a security interest in motor vehicles only by recordation of the security interest on the vehicle's Certificate of Title. *See* 75 Pa.C.S.A. § 1132(b) (1977). Mellon Bank's failure to perfect its security interest requires

the conclusion that it is not secured in the proceeds of sale of the motor vehicles.

An appropriate Order will be entered.